UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HISHAM DEEB** | : | **DOCKET NO. 2:07-cv-169**<br>**Section P** |
| **VS.** | : | **JUDGE MELANCON** |
| **ALBERTO GONZALES, ET AL.** | : | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Currently before the court is a "Motion to Dismiss" [doc. 18] filed on behalf of the respondents in the above-captioned *habeas corpus* matter. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

A petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 was filed on behalf of petitioner, Hisham Deeb, on January 25, 2007 challenging his continued detention in post-removal-order custody. The petition alleges that Petitioner was ordered removed to Palestine on July 18, 2006, and that he has been in post-removal-order detention since that time. He claims that there is no significant likelihood of removal in the reasonably foreseeable future.

In response to this petition, the government filed the "Motion to Dismiss" which is currently before the court. In support of this motion, the government presents documentation which establishes that the petitioner was released from post-removal-order detention by means of his removal to Palestine on March 6, 2007. *See* Government Exhibit 1.

At the time that this petition was filed, Petitioner was in detention pursuant to the statutory authority of § 241 of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231, and he sought to have the court review his post-removal-order detention.  However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed.

For this reason,

**IT IS RECOMMENDED** that the "Motion to Dismiss" [doc. 18] be **GRANTED** and that this petition be **DENIED AND DISMISSED WITH PREJUDICE** as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, March 27, 2007.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE